**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWARD GARITY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TETRAPHASE PHARMACEUTICALS INC., GUY MACDONALD, JACQUES DUMAS, PIPER JAFFRAY & CO., BMO CAPITAL MARKETS CORP., STIFEL NICOLAUS & CO., INC., SUNTRUST ROBINSON HUMPHREY & CO., LLC, and H.C. WAINWRIGHT & CO., LLC,<br><br>Defendants. | Case No.  1:18-cv-06797-ALC |

**NOTICE THAT LAILA THOMPSON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL IS UNOPPOSED, AND RESPONSE TO DEFENDANT'S REQUEST TO DEFER APPOINTMENT OF LEAD PLAINTIFF PENDING THE MOTION TO TRANSFER**

Lead Plaintiff movant Laila Thompson ("Thompson") hereby (i) notifies the Court that her motion for appointment as lead plaintiff is unopposed, and (ii) respectfully requests that the Court appoint a lead plaintiff before considering Defendants' motion to transfer. (Dkt. 20.)

Notice of Non-Opposition

On September 25, 2018, Thompson submitted her motion for appointment as lead plaintiff and approval of counsel, and stated that she had suffered a loss in connection with her Tetraphase Pharmaceuticals Inc. securities investment.  (Dkt. 8.)  One similar motion was filed by a group of putative class members.  (Dkt. 11.)  Since that time, the competing group has withdrawn its motion, recognizing Thompson's superior financial interest.  (Dkt. 15.)  Therefore, Thompson's motion for appointment as lead plaintiff and approval of counsel is unopposed.

A Lead Plaintiff Should be Appointed as Soon as Practicable

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs courts to consider any motion to serve as lead plaintiff by the later of (i) 90 days after the date of publication of the notice of class action; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z–1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B); *see Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 406 (S.D.N.Y. 2004) ("[T]he appointment of a lead plaintiff pursuant to the PSLRA should be done in an expeditious manner . . . .").

A Lead Plaintiff Should be Appointed Prior to Consideration of Defendants' Motion to Transfer

On October 9, 2018, Defendants filed a motion to transfer this action to the District of Massachusetts. (Dkt. 16.)  In their motion to transfer, Defendants also request that this Court not immediately appoint Thompson as lead plaintiff—despite the fact that Thompson is the only pending lead plaintiff movant on file, and her motion is unopposed.  (*See* Dkt. 20.)  Defendants, in direct conflict with the plain language of the PSLRA, request the Court to first consider their

motion to transfer prior to appointing a lead plaintiff.  Without prematurely addressing the merits of Defendants' motion to transfer herein, Thompson requests the Court to defer consideration of Defendants' transfer motion until after appointing her lead plaintiff.  In addition Thompson hereby requests that the Court enter a briefing schedule for Defendants' motion to transfer that takes into account the deferral of the motion to transfer, so that she may respond to Defendants' motion as the duly appointed class representative.

As noted above, the PSLRA directs this Court to appoint a lead plaintiff as soon as practicable to ensure the interests of the investor class are protected by a duly appointed representative.  *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 at n.13 (2d Cir. 2004) (noting that the purpose of a lead plaintiff is "to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole").  Therefore, to protect the interests of the putative class, Thompson should be appointed lead plaintiff and be granted the right to address Defendants' transfer motion as Lead Plaintiff before the Court rules on Defendants' motion.

Defendants, however, ask the Court to ignore the plain language of the PSLRA. Defendants, in support of their position that the transferee court should appoint the lead plaintiff, cite to only one case in which case multiple class members sought appointment as lead plaintiff in a contested motion.  *Gallagher v. Ocular Therapeutix, Inc.*, C.A. No. 17-501 (SDW) (LDW), 2017 WL 4882487, at *2-3 (D.N.J. Oct. 27, 2017) (reasoning that the selection of lead plaintiff among three competing movants may be affected by the transferee jurisdiction's precedent). Here, unlike *Ocular Therapeutix*, Thompson's motion for appointment as lead plaintiff is unopposed. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (noting that the lead plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class"). Nor have Defendants raised a factual challenge to Thompson's adequacy to serve as lead plaintiff.  (*See* Dkt. 20.).

Finally, Defendants have not claimed that they would suffer prejudice if the Court were to appoint a lead plaintiff before considering the motion to transfer.   In fact, Defendants  explicitly recognize that appointment of lead plaintiff would not prejudice Defendants' capacity to challenge class certification.  (*See* Dkt. 20.)

Therefore, Thompson respectfully requests the Court to appoint lead plaintiff and approve lead counsel for the class before considering Defendants' motion to transfer the case.

<u>Relief Requested</u>

Thompson's motion papers previously submitted to the Court demonstrate that she should be appointed as lead plaintiff.  (*See* Dkt. 8, 9, 10.)  Accordingly, Thompson respectfully requests this Court to issue an Order: (1) appointing Thompson as Lead Plaintiff, before considering Defendants' motion to transfer; (2) approving her selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel for the class; (3) extending the briefing schedule for Defendants' motion to transfer to take into account the deferral of the motion to transfer; and (4) granting such other and further relief as the Court may deem to be just and proper.


Dated: October 16, 2018                                    Respectfully submitted,


                                                                          */s/ Lesley F. Portnoy*
                                                                          **GLANCY PRONGAY & MURRAY LLP**
                                                                          Lesley Frank Portnoy
                                                                          230 Park Avenue
                                                                          Suite 530
                                                                          New York, NY 10169
                                                                          Telephone: (212) 682-5340
                                                                          Fax: (212) 884-0988
                                                                          Email: lportnoy@glancylaw.com
                                                                          *Counsel for Lead Plaintiff Movant Laila Thompson, and Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Lesley F. Portnoy, hereby certify that on October 16, 2018, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing (NEF) to all counsel of record.

 <u>/s/  Lesley F. Portnoy</u>
Lesley F. Portnoy
