**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWARD GARITY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:18-cv-06797-ALC |
| Plaintiff, | |
| v. | **PLAINTIFF EDWARD GARITY AND LEAD PLAINTIFF MOVANT LAILA THOMPSON'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS** |
| TETRAPHASE PHARMACEUTICALS INC., GUY MACDONALD, JACQUES DUMAS, PIPER JAFFRAY & CO., BMO CAPITAL MARKETS CORP., STIFEL NICOLAUS & CO., INC., SUNTRUST ROBINSON HUMPHREY & CO., LLC, and H.C. WAINWRIGHT & CO., LLC, | |
| Defendants. | |

Plaintiff Edward Garity ("Garity") and Lead Plaintiff Movant Laila Thompson ("Thompson," with Garity, "Plaintiffs") submit this memorandum of law in opposition to Defendants' motion to transfer this action to the United States District Court for the District of Massachusetts (Dkt. No. 16, the "Motion").[1] Defendants have failed to demonstrate by clear and convincing evidence that transfer is warranted. As such, Plaintiffs respectfully request that this Court deny Defendants' Motion in its entirety.

## I.     BACKGROUND

In July 2017, Tetraphase and its officers raised $61.1 million through a secondary public offering ("SPO") to fund IGNITE3, a clinical trial to test the efficacy and safety of the Company's lead product candidate, eravacycline. *See* Dkt. No. 1, "Compl.," ¶21. The underwriters for the SPO were the Underwriter Defendants. Compl. ¶8. BMO Capital Markets Corp. and H.C. Wainwright & Co. are headquartered in New York, and all of the Underwriter Defendants maintain offices and substantial operations in this District. *See id.* The Company's stock trades under the ticker "TTPH" on the NASDAQ exchange, which operates in New York.

In connection with the SPO, the Company filed a registration statement and prospectus with the Securities and Exchange Commission, in which it was required to disclose known trends, events, or uncertainties that were having, and were reasonably likely to have, an impact on the Company's operations. Compl. ¶¶21-22. Though the registration statement contained various details about eravacycline and the IGNITE3 trial, it failed to disclose that the Company was increasing enrollment to 1,200 patients and that this increase indicated the existing population for the trial was inadequate to meet the primary endpoints. Compl. ¶¶30-33. Moreover, between March 8, 2017 and February 13,

---

[1] The Defendants are Tetraphase Pharmaceuticals, Inc. ("Tetraphase" or the "Company"), Guy Macdonald, Jacques Dumas, Piper Jaffray & Co., BMO Capital Markets Corp., Stifel Nicolaus & Co., Inc., SunTrust Robinson Humphrey & Co., LLC, and H.C. Wainwright & Co., LLC.

2018 (the "Class Period"), the Company issued press releases and made announcements that were widely disseminated and also failed to disclose the increase of the patient population to meet the primary endpoints of the trial. Compl. ¶¶ 23-38.

## II.   LEGAL STANDARD GOVERNING MOTIONS TO TRANSFER

While district courts may "transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses," and "in the interest of justice," 28 U.S.C. § 1404(a), the party seeking transfer must demonstrate by "clear and convincing evidence" that transfer is warranted. *See New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) ("It is . . . appropriate that the district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion."). The factors relevant to the Court's consideration are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). "There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). "Where the factors are equally balanced, the plaintiff is entitled to its choice of forum." *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998).

### III.     TRANSFER IS NOT WARRANTED

#### A.     Plaintiffs Chose New York

The "plaintiff's choice of forum" factor weighs against transfer. Garity filed this action in New York, and Thompson supports Garity's choice. Defendants do not dispute that venue is proper in this District. As such, Plaintiffs' choice is entitled to deference. *See Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d at 343 ("[C]ourts have typically accorded substantial weight to the first factor, plaintiff's choice of forum . . . and since the law permits the suit to be brought where plaintiff has chosen to bring it, that choice should not be lightly overridden.").

#### B.     The Locus of Operative Facts Is in This District

The "locus of operative facts" factor weighs against transfer because five of the eight Defendants are located in this District, the remaining three Defendants conducted an offering within this District, and the Company's stock trades on an exchange that operates within this District. *See Funke v. Life Fin. Corp.*, No. 99 Civ. 11877(CBM), 2003 WL 194204, at *3 (S.D.N.Y. Jan. 28, 2003) (finding that the locus of operative facts was partly in New York because that is where the offering and underwriting took place).

This action is substantially connected to this District. Tetraphase conducted a public offering of securities in July 2017 in this District. The complaint alleges that a broad class of investors, who bought securities in the offering, relied on the misleading statements made in the registration statement and prospectus filed in connection with the offering. Moreover, two of the Underwriter Defendants are headquartered in New York, and all of the Underwriter Defendants maintain offices and operations in this District. Additionally, the Company's allegedly misleading press releases and filings published during the Class Period were widely disseminated, and Tetraphase securities trade on the NASDAQ exchange. Therefore, the locus of operative facts is in this District. *See id.*

### C.      The Remaining Factors Are Neutral

Defendants identify four factors as irrelevant to the analysis in the present case. (*See* Dkt. No. 17 at 3 n.2). Plaintiffs do not dispute that these factors are neutral to the analysis. The remaining factors are also neutral—largely because the Defendants and potential witnesses are located in both districts.

### 1.      Defendants Have Not Identified Any Inconvenience to Specific Witnesses

The "convenience of witnesses" factor is neutral at best because Defendants fail to specify which potential witnesses in another district have material relevant information. *See, e.g.*, *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 396 (S.D.N.Y. 2014) ("[A] party seeking transfer on account of the convenience of witnesses must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.") (internal quotations marks omitted).

Though Defendants claim that officers and employees who drafted or distributed misleading statements are "all likely witnesses" in this action, Defendants have not provided the required specificity regarding which officers or employees they are referring to—other than the chief executive officer and chief science officer, who are parties, not witnesses. Moreover, Defendants' mere claim that one hundred and eighteen Tetraphase employees live in Massachusetts is insufficient because it does not provide insight regarding how many of them are likely to be called as witnesses, nor the nature of their testimony. As such, Defendants have provided insufficient information for the Court to weigh whether any inconvenience to potential witnesses justifies transfer of the action. *See Orb Factory*, 6 F. Supp. 2d at 208-09 (declining to disrupt plaintiff's chosen forum where defendants did not specify the materiality of testimony of unnamed witnesses nor whether live testimony, rather than deposition testimony, was necessary).

Moreover, five of the eight Defendants (the Underwriter Defendants) are business entities located in New York, and their conduct at issue in this action relates to a New York stock offering. Each of the Underwriter Defendants likely has dozens if not hundreds of potential employee witnesses.  As such, by Defendants' "count the employees" logic, the "convenience of witnesses" factor weighs against transfer.

Since Defendants have failed to demonstrate which witnesses will be inconvenienced and how they will be inconvenienced, the "convenience of witnesses" factor is neutral at best (if not in Plaintiffs' favor).[2]

### 2.	The Potential Inconvenience to Three of Eight Defendants Does Not Weigh in Favor of Transfer

The convenience to parties factor is neutral because (1) the inconvenience to Defendants Tetraphase, Macdonald, and Dumas is minimal and (2) transfer would cause inconvenience to Plaintiffs. *Jaguar Cars, Ltd. v. Nat'l Football League*, 886 F. Supp. 335, 339 (S.D.N.Y. 1995) ("Section 1404(a) motions should not be granted if all a transfer would accomplish is to shift the inconveniences from one side to the other.").

The inconvenience to Defendants is minimal because Defendants have the resources to litigate in this District. Defendant Tetraphase is a publicly traded company, and Macdonald and Dumas are its executives, who have the resources of Tetraphase behind them. *See Lieberman v. Carnival Cruise Lines*, 2014 WL 3906066, at *13 (D.N.J. Aug. 7, 2014) ("Nothing in the record indicates that Defendant, a large company, is financially or physically unable to litigate in [this district].").

---

[2] If Defendants attempt to cure these deficiencies in their reply by providing further specificity, the Court should ignore Defendants' effort. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.")

Moreover, this minimal inconvenience does not weigh in favor of transfer because transferring the action would cause inconvenience to the parties' counsel. *See In re Geopharma, Inc.*, No. 04 Civ. 9463 (SAS), 2005 WL 1123883, at *2 (S.D.N.Y. May 11, 2005) (finding that the "convenience of the parties" factor weighed against transfer when the parties counsel would have incurred greater travel expenses if the action were transferred). Counsel for the putative class have an office in this District but not in the transferee district, and defense counsel maintain offices in this District. *See* Dkt. No. 17 at 8 (defense counsel who signed the motion to transfer are located in New York). Thus, a transfer would only shift inconveniences, and the convenience of the parties factor is neutral.

### 3.     The Location of Relevant Documents is Neutral

The location of documents does not favor transfer because the misleading financial statements, press releases, and SEC filings, and other relevant documents are electronically stored and can be easily accessed in this District. Moreover, "[i]n an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008). Therefore, this factor does not favor transfer.

### D.     The Balance of Factors Weighs Against Transfer

Defendants have not demonstrated by clear and convincing evidence that transfer is warranted. Defendants' claim that it would be more convenient for three of the eight named Defendants to litigate in Massachusetts does not outweigh the deference given to Plaintiffs' choice to litigate this action in this District, where venue is proper and where the substantial factual basis of the action occurred. *See Albert Fadem Trust*, 214 F. Supp. 2d at 343 (declining to transfer a securities class action to the district in which the company's headquarters were located because

"courts have typically accorded substantial weight to the first factor, plaintiff's choice of forum, for that very choice reflects one side's assessment of the balance of relevant factors"). Moreover, the remaining disputed factors—convenience of the witnesses, the location of documents, and the locus of operative facts—are neutral at best. As such, transfer is not warranted.[3]

**CONCLUSION**

       Defendants have not presented clear and convincing evidence that transfer is warranted. As such, Defendants' motion to transfer should be denied.

Respectfully submitted,

Dated: October 23, 2018              **GLANCY PRONGAY & MURRAY LLP**

By: _s/ Lesley F. Portnoy_
Lesley F. Portnoy
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lportnoy@glancylaw.com

     -and-

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

---

[3] If the Court were to determine that "the factors are equally balanced, the plaintiff is entitled to its choice of forum." *Orb Factory*, 6 F. Supp. 2d 203 at 210.

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 23, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 23, 2018.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy