USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5-30-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDWARD GARITY, Individually and on
Behalf of All Others Similarly Situated,

                                 Plaintiff,

-against-

TETRAPHASE PHARMACEUTICALS
INC., GUY MACDONALD, JACQUES
DUMAS, PIPER JAFFRAY & CO., BMO
CAPITAL MARKETS CORP., STIFEL
NICOLAUS & CO., INC., SUNTRUST
ROBINSON HUMPHREY & CO., LLC,
and H.C. WAINWRIGHT & CO., LLC,

                                 Defendants.
-----------------------------------------------------------x

1:18-cv-06797 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge**:

Plaintiff Edward Garity brings this securities litigation against Defendants Tetraphase Pharmaceuticals, Inc. ("Tetraphase" or the "Company"), Guy Macdonald, Jacques Dumas, Piper Jaffray & Co., BMO Capital Markets Corp., Stifel Nicolaus & Co., Inc., SunTrust Robinson Humphrey & Co., LLC, and H.C. Wainwright & Co., LLC (collectively, "Defendants"), on behalf of a purported class of investors.[1] *See* ECF No.1, "Compl.".

Now before the Court are Defendants' Motion to Transfer the case to the United States District Court for the District of Massachusetts ("District of Massachusetts") pursuant to 28 U.S.C. § 1404(a) and a motion filed by Laila Thompson to be appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(3). For the following reasons, the motion to transfer is granted and the motion to appoint a lead plaintiff

---

[1] Defendants Piper Jaffray & Co., BMO Capital Markets Corp., Stifel Nicolaus & Co., Inc., SunTrust Robinson Humphrey & Co., LLC., and Wainwright & Co., LLC are collectively referred to hereinafter as the "Underwriter Defendants".

1

is denied without prejudice.

## BACKGROUND

In July 2017, Tetraphase and its officers raised $61.1 million through a secondary public offering ("SPO") to fund IGNITE3, a clinical trial to test the efficacy and safety of the Company's lead product candidate, eravacycline. Compl. ¶ 21. The Underwriter Defendants served as underwriters for the SPO. *Id.* ¶ 8

Plaintiff alleges that Defendants made false and misleading statements about Tetraphase's business and operations. *Id.* ¶ 1. The Complaint also alleges that venue is proper in the United States District Court for the Southern District of New York ("SDNY") because all Underwriter Defendants maintain offices and substantial operations in this District, the remaining three Defendants conducted an offering within this District, and Tetraphase's stock trades on an exchange that operates within this District. *Id.* ¶ 8.

On October 9, 2018, Defendants filed a motion to transfer this case to the District of Massachusetts. ECF No. 19. Defendants argue the District of Massachusetts is more appropriate because: 1) Tetraphase is headquartered in Massachusetts; 2) the individual defendants reside and work in Massachusetts; 3) most of the potentially relevant documents and witnesses are in Massachusetts; and 4) Tetraphase issued the challenged statements from Massachusetts. ECF No. 20. On October 23, 2018, Plaintiff filed an opposition to the motion to transfer; arguing that Plaintiff's choice of forum should be given significant deference and Defendants failed to present "clear and convincing evidence" to overcome that deference.

## LEGAL STANDARD

District courts may transfer a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice." *See* 28 U.S.C. § 1404(a); *Semente v. Empire Healthchoice*

2

*Assurance, Inc.*, 2014 WL 4967193, at *1 (S.D.N.Y. Sept. 29, 2014) ("Even if venue is proper ... the Court may still transfer the case to a more appropriate forum pursuant to Section 1404(a)"). On a motion to transfer, "the burden is on the movant to show that the transfer is justified.... Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum ... discretionary transfers are not favored." *Xiu Feng Li v. Hock*, 371 Fed.Appx. 171, 175 (2d Cir. 2010) (internal quotation marks and citations omitted). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

When considering a motion to transfer, courts must "[f]irst...determine whether the action sought to be transferred is one that 'might have been brought' in the transferee court." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d 392, 394 (S.D.N.Y. 2006) (internal citations omitted). Courts must also consider: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y. 2002) ("*Duke Energy*")). "Courts also routinely consider judicial economy, the interest of justice, and 'the comparative familiarity of each district with the governing law.'" *Stein v. Teekay Corp.*, No. 3:16-CV-00345 (VAB), 2016 WL 10490287, at *1 (D. Conn. Nov. 18, 2016) (citing *Synca Direct Inc. v. SCIL Animal Care Co.*, No. 15-CV-2332 (RJS), 2015 WL 3883281, at *1 (S.D.N.Y. June 22, 2015)).

## DISCUSSION

### I. The District of Massachusetts is a Proper Venue

Under the Securities Act, venue is proper (among other things) "in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 77v(a). Tetraphase's principal place of business and headquarters is in Watertown, Massachusetts. Compl. ¶ 10. Individual Defendants Guy Macdonald (the Company's Chief Executive Officer, President, and a member of its Board of Directors) and Jacques Dumas (the Company's Chief Science Officer) are based in Tetraphase's Watertown, Massachusetts headquarters and maintain primary residences in Massachusetts. Stahl Decl. ¶ 4. The remaining Defendants transacted business within Massachusetts by participating in the underwriting. Compl. ¶¶ 14-19

Furthermore, Venue is permitted in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). As explained in more detail below, a substantial part of the events allegedly giving rise to the claim occurred at Tetraphase's headquarters. Plaintiff does not dispute that filing this case in the District of Massachusetts would have been proper. Thus, Defendants have established that the case could have been filed in the transferee court.

### II. Balancing Convenience and Justice

#### A. Plaintiff's Choice of Forum Holds Little Weight

Plaintiff argues that his choice to bring this action in the Southern District of New York should preclude transfer and cites *Duke Energy* in support. *See Duke Energy Corp.*, 214 F. Supp. 2d at 343 (holding that "courts have typically accorded substantial weight to the first factor, plaintiff's choice of forum . . . and since the law permits the suit to be brought where plaintiff has chosen to bring it, that choice should not be lightly overridden.")

4

However, *Duke Energy* is inapposite.[2] *Id.* In fact, courts afford little weight to a plaintiff's choice of forum in a securities class action. *See, e.g., In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Cv. 3516 (SWK), 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008) (while plaintiff's choice of forum is ordinarily entitled to significant weight, "[t]hat weight is reduced, however, in a stockholder class action, where members of the class are dispersed throughout the nation"); *In re CenturyLink, Inc. Sec. Litig.*, No. 13 Civ. 03839 (LTS), 2014 WL 1089116, at *3 (S.D.N.Y. Mar. 18, 2014) ("Plaintiffs' choice of forum warrants only limited consideration. Though a plaintiff's choice of forum is generally entitled to considerable weight, it is well settled in this district that such weight is reduced in a stockholder class action, where members of the class are dispersed throughout the nation.") (internal quotation marks omitted); *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at *3 (S.D.N.Y. May 21, 2010); *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 WL 1010039, at *6 (S.D.N.Y. Apr. 13, 2009). This is particularly true where, as here, the plaintiff purports to represent a geographically dispersed class. *Warrick v. General Elec. Co*, 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("the plaintiff's choice of forum is a less significant consideration in a ... class action than in an individual action"); *see also Stein*, 2016 WL 10490287, at *3; *Wilson v. DirectBuy*, 821 F.Supp.2d 510, 516 (D. Conn. 2011) ("the Second Circuit ... has acknowledged that district courts may give less weight to this factor in national class actions").

Furthermore, Plaintiff does not mention his own residence in the Complaint. Even if Plaintiff resides within this District, "the residence of a class representative is often a mere happenstance, which may be discounted by a court when weighing transfer factors." *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 (JPO), 2015 U.S. Dist. LEXIS 78612, at *24-25

---

[2] Though the *Duke Energy* court denied transfer, it acknowledged that "the force of [plaintiff's] choice may be diminished by the fact that plaintiffs here seek to represent a nationwide class of shareholders." *Id.* at 344.

5

(S.D.N.Y. June 17, 2015) (quoting *Erickson v. Corinthian Colleges, Inc.*, No. 13 Civ. 4308 (PKC), 2013 U.S. Dist. LEXIS 142113, 2013 WL 5493162, at *6 (S.D.N.Y. Oct. 1, 2013). Accordingly, Plaintiff's choice of forum offers minimal deference in this case.

**B. Convenience of Witnesses**

Plaintiff argues that the "convenience of witnesses" factor is neutral. Opp. at 4-5. The Court disagrees.

In a securities class action, courts presume the "key witnesses" are "'officers and employees of [the corporate issuer] who participated in drafting or distributing [the challenged] statements.'" *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *4 (quoting *In re Stillwater Mining Co. Sec. Litig.*, 2003 WL 21087953, at *4 and acknowledging the absence of identification of individual witnesses, but transferring to home forum of corporate defendant); *see also MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at *4 (S.D.N.Y. Dec. 5, 2002) ("Even though defendants have not provided a list that identifies potential witnesses expected to be called to testify, the events giving rise to this [securities class] action demonstrate that the vast majority of material witnesses are in Northern California and would therefore find it more convenient to testify in California than in New York.") The key witnesses in this action—Tetraphase officers and employees–probably reside in Massachusetts and would be inconvenienced if the litigation proceeds in New York. *See* Def Br. at 4-5; Stahl Decl. ¶ 5, ECF No. 18.

Nevertheless, Plaintiff contends that the "witness" factor is at least neutral because: 1) five of the eight Defendants (the Underwriter Defendants) are business entities located in New York; 2) their alleged conduct relates to a New York stock offering; and 3) "dozens if not hundreds" of Underwriter Defendant employees are "likely" witnesses. Pl.'s Opp. at 5. However, Plaintiff

cannot defeat transfer based on the purported convenience of these employees where the Underwriter Defendants seek transfer themselves. *See Steck v. Santander Consumer USA Holdings Inc.*, No. 14-cv- 6942 (JPO), 2015 WL 3767445, at *4 (S.D.N.Y. June 17, 2015) ("Courts in this district have held that parties can waive the issue of their own convenience, in which case it is given no consideration in the analysis."). In any event, in cases involving alleged misrepresentations in a registration statement, "[t]he Underwriter Defendants' potential due diligence defense will arise only if liability is established," diminishing the weight that could be accorded to the convenience of Underwriter Defendants' employees. *Id.*

Therefore, the Court finds that the "convenience of witness" factor weighs in favor of transfer.

### C. Location of Relevant Documents

Plaintiff, correctly, argues that the "location of documents" factor may be neutral because electronically stored documents are accessible remotely. Opp. at 6; *See also ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) "[i]n an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." Indeed, this factor generally does not carry much weight. However, courts have found this factor to weigh in favor of transfer to the corporate issuer's home forum in securities class actions. *See In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *5-6; *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d, at 396-97.

Plaintiff offers no reason to expect that relevant documents are more likely located in New York instead of Massachusetts. Therefore, the Court finds this factor weighs, though slightly, in favor of transfer.

### D. Locus of Operative Facts

7

Plaintiff argues that the "locus of operative facts" factor weighs against transfer because five of the eight Defendants are located in New York, the remaining three Defendants conducted an offering within New York, and the Tetraphase's stock trades on an exchange that operates within New York.[3] The complaint also alleges that a broad class of investors, who bought securities in a public offering Tetraphase conducted in New York, relied on the misleading statements made in the registration statement and prospectus filed in connection with the offering.

There is no denying that New York is a proper venue for this action. Nevertheless, Plaintiff cannot deny that most of the operative facts occurred in Massachusetts. "[I]t is well-settled that '[m]isrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d at 396 (quoting *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000); *see also Ahrens v. Cti Biopharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *3 (S.D.N.Y. May 19, 2016) (transferring to jurisdiction in which defendant's headquarters was located, where allegedly false or misleading statements and filings were issued). The complaint does not allege any additional facts that occurred in this district other than that certain Underwriter Defendants maintain offices in New York. Compl. ¶ 8. However, any acts in New York relating to a secondary offering "are insufficient to pull the 'center of gravity' . . . away from [the location] where the critical alleged misstatements and omissions occurred." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *6.

---

[3] Plaintiff cites to *Funke v. Life Fin. Corp.*, No. 99 Civ. 11877(CBM), 2003 WL 194204, at *3 (S.D.N.Y. Jan. 28, 2003), which found that the locus of operative facts was partly in New York because that is where the offering and underwriting took place.

8

Therefore, the Court finds that the "locus of operative facts" factor weighs heavily in favor of transfer.

**E. Remaining Factors**

Plaintiff contends that the "convenience to parties" and "relative means of parties" factors are neutral because (1) the inconvenience to Defendants Tetraphase, Macdonald, and Dumas is minimal and (2) transfer would inconvenience Plaintiff's counsel. *See* Pl.'s Opp. p. 5.[4] Plaintiff also argues that "Defendants have the resources to litigate in this District." Pl.'s Opp. at 5-6. The Court disagrees.

Plaintiff is the only named party that does not believe Massachusetts is the more convenient forum. All other named parties join the motion to transfer. Furthermore, though Defendants' have the financial resources to litigate in this district, their potential inconvenience is more than "minimal". A New York trial may disrupt Tetraphase's business operations since some individual defendants are managing officers. *See In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006). Moreover, "'transfers to the issuer's home district are routine as a practical matter'" in securities class actions. *See Ahrens v. Cti Biopharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 61 (RJH), 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006)).

Plaintiff's argument that transfer would "inconvenience [plaintiff's] counsel" (Pl.'s Opp. at 6) is unpersuasive as well. "[T]he convenience of counsel is not an appropriate factor to consider on a motion to transfer." *InVivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp.

---

[4] Plaintiff cites *Jaguar Cars, Ltd. v. Nat'l Football League*, 886 F. Supp. 335, 339 (S.D.N.Y. 1995) which held that "Section 1404(a) motions should not be granted if all a transfer would accomplish is to shift the inconveniences from one side to the other." Pl's Opp. at 5.

2d 433, 438 (S.D.N.Y. 2000). Plaintiff does not argue that transfer to the District of Massachusetts would inconvenience him. In any event, courts give no weight to the convenience of a class representative in a class action. *See Adair*, 2000 WL 1716340, at *2 ("Moreover, as several courts have explained, the residence of a class representative is often a mere happenstance, which may be discounted by a court when weighing transfer factors.") (internal quotations omitted).

Accordingly, the weight of the remaining factors, along with all the other factors considered, tips the scale of justice towards a transfer to the District of Massachusetts.

## II.     The Motion to Appoint Lead Counsel

On October 16, 2018, Laila Thompson filed a motion for appointment as lead plaintiff and approval of counsel. ECF No. 21. Defendants request that the Court defer a ruling on lead plaintiff appointment until after the Court decides the motion to transfer.

Because the Court grants Defendants' transfer motion, it will leave the determination as to the appointment of the lead plaintiff and lead counsel to the District Court of Massachusetts. Accordingly, the motion for appointment as lead plaintiff is denied without prejudice. *See Steck*, 2015 U.S. Dist. LEXIS 78612, at *26.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is GRANTED and Laila Thompson's motion to appoint lead plaintiff is DENIED without prejudice.

**SO ORDERED.**

Dated: May 30, 2019
New York, New York

**Andrew L. Carter, Jr.
United States District Judge**